UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VERSEL GREEN,

        Plaintiff,

  v.                                        21-CV-371-LJV
                                              ORDER

BANK OF AMERICA MERRILL LYNCH,
*et al.*,

        Defendants.

On March 10, 2021, the *pro se* plaintiff, Versel Green, commenced this action seeking to vacate a Financial Industry Regulatory Authority ("FINRA") arbitration award. Docket Item 1. Green also moved to proceed *in forma pauperis* (that is, as a person who should have the prepayment of the ordinary filing fee waived because he cannot afford it). Docket Item 2.

On May 5, 2021, this Court granted Green's motion to proceed *in forma pauperis* and screened his claims under 28 U.S.C. § 1915(e)(2). Docket Item 3. In that screening order, this Court determined that it lacked subject matter jurisdiction over Green's petition to vacate under Section 10 of the Federal Arbitration Act ("FAA").[1] *Id.* More specifically, this Court concluded that it lacked jurisdiction under the federal diversity statute because, according to Green, he and the defendants are all citizens of

---

[1] Because the FAA itself "bestow[s] no federal jurisdiction," a petition to vacate under Section 10 "requir[es] an independent jurisdictional basis"—that is, some independent basis for diversity jurisdiction or federal question jurisdiction—in order to proceed in federal court. *See Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008).

New York.  *Id.* at 5; *see also* Docket Item 1 at ¶¶ 1, 2.  And this Court found that it could not exercise federal question jurisdiction because (1) the petition did not allege some violation of federal law, and (2) the dispute underlying Green's challenge to the arbitration award did not raise a federal question.  *Id.* at 5-8.  This Court therefore concluded that Green's petition was subject to dismissal but gave Green 30 days to demonstrate why this Court had subject matter jurisdiction over his claims.  *Id.* at 8.

About two weeks after this Court issued that order, the Supreme Court granted certiorari in *Badgerow v. Walters*, No. 20-1143.  In that case, the issue before the Court was whether "federal courts have subject[ ]matter jurisdiction to confirm or vacate an arbitration award under Sections 9 and 10 of the FAA where the only basis for jurisdiction is that the underlying dispute involved a federal question."  Docket Item 4.  If the Supreme Court answered that question in the affirmative, then this Court could "look through" Green's petition, decide "whether [it] would possess jurisdiction over the underlying dispute under the standards of [28 U.S.C. § 1331]," and exercise jurisdiction if it would have had jurisdiction over the underlying dispute.  Docket Item 3 at 5-6 (quoting *Doscher v. Sea Port Grp. Sec., LLC*, 832 F.3d 372, 388 (2d Cir. 2016)).  But if the Supreme Court decided that federal courts could not "look through" a petition to vacate an arbitration award to decide whether subject matter jurisdiction existed, then this Court could exercise jurisdiction in this case only if Green's petition itself established some basis for subject matter jurisdiction—something this Court had already decided against Green.  *See* Docket Item 3.  Because the Supreme Court's decision in *Badgerow* therefore might affect whether this Court had subject matter

2

jurisdiction, the Court stayed this case until *Badgerow* was resolved.  *See* Docket Item 4.

On March 31, 2022, the Supreme Court issued its decision in *Badgerow* and held that a federal court cannot "look through" a petition under Section 10 of the FAA to determine whether it has federal question jurisdiction.  *See Badgerow v. Walters*, 142 S. Ct. 1310 (2022).  Instead, a federal court "may look only to the application actually submitted to it," *id.* at 1314, and if that application does not establish some basis for subject matter jurisdiction—either by raising a federal question or satisfying the requirements of diversity jurisdiction—then the petition to vacate cannot proceed in federal court.

In light of the Supreme Court's decision in *Badgerow*, the stay is lifted, and it appears that this Court lacks jurisdiction over this case.  As noted above, Green and the defendants all are citizens of New York, so this Court does not have diversity jurisdiction under 28 U.S.C. § 1332.  *See* Docket Item 4 at 5.  And as also noted above, this Court already has found that Green's petition does not establish federal question jurisdiction.

Green lobs various objections to the arbitration proceeding and alleges that the arbitration panel improperly handled evidentiary disputes, was biased against him, and "created an environment [] adverse to [Green] by silencing [him]."  Docket Item 1 at ¶¶ 27-44.  He also says that "[t]he award in this matter [] violates public policy."  *Id.* at ¶ 43.  But those challenges to "the enforceability of an arbitral award"—an award that is "no more than a contractual resolution of the parties' dispute"—raise only questions of state law, just "like disagreements about other contracts."  *Badgerow*, 142 S. Ct. at 1316-17.  So this Court appears not to have federal question jurisdiction here.

3

Because the petition "actually submitted" by Green does not provide a basis for exercising subject matter jurisdiction over Green's request to vacate the FINRA arbitration award, Green's petition is subject to dismissal. Nevertheless, and in light of Green's *pro se* status, *see generally Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), within 30 days of the date of this order Green may amend his petition to give this Court, or otherwise demonstrate why this Court has, subject matter jurisdiction over his petition.

## **CONCLUSION**

For the reasons stated above, this Court appears to lack subject matter jurisdiction over Green's petition to vacate the FINRA arbitration award. Green's petition therefore will be dismissed under 28 U.S.C. § 1915(e)(2) unless, within 30 days of the date of this order, he amends his petition in a way that gives this Court jurisdiction or otherwise demonstrates why this Court has subject matter jurisdiction over his claims. If Green does not do so within 30 days of the date of this order, then his petition will be dismissed, and the Clerk of the Court shall close the case without further order.

If Green does not respond to this order and this case is dismissed, the Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States,* 369 U.S. 438 (1962).

SO ORDERED.

Dated:   July 27, 2022
         Buffalo, New York

                                            */s/ Lawrence J. Vilardo*
                                            LAWRENCE J. VILARDO
                                            UNITED STATES DISTRICT JUDGE