UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

VERSEL GREEN,

        Plaintiff,

    v.                                   21-CV-371-LJV
                                              DECISION & ORDER

BANK OF AMERICA MERRILL LYNCH,
*et al.*,

        Defendants.

---

On March 10, 2021, the *pro se* plaintiff, Versel Green, commenced this action under the Federal Arbitration Act ("FAA"). Docket Item 1. He seeks to vacate an arbitration award issued by a Financial Industry Regulatory Authority ("FINRA") arbitration panel. *Id.* On February 8, 2023, the defendants—Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch"); Bank of America Merrill Lynch; and Merrill Edge Advisory Center—moved to dismiss the petition for, *inter alia*, lack of subject matter jurisdiction. Docket Item 15. On December 28, 2023—after requesting and receiving five extensions of time, *see* Docket Items 22, 25, 27, 29-30, 32-34, 37-38—Green responded, Docket Item 39. Two weeks later, the defendants replied. Docket Item 40.

For the reasons that follow, the defendants' motion to dismiss is granted.

## FACTUAL BACKGROUND[1]

In October 2015, Green brought a claim against the defendants for "[b]reach of fiduciary duty, breach of the covenant of good faith and fair dealing, and negligence" in connection with their "sale of Fannie Mane [sic] and Freddie Mac [s]tocks."  Docket Item 1 at ¶ 7.  Green "pursued arbitration" with a FINRA panel, *id.* at ¶ 10, and "[a] hearing took place on October 23, 2018," *id.* at ¶ 17.

Green encountered several issues during the hearing that prevented him from "adequately and properly present[ing] his case."  *Id.* at ¶¶ 18-25.  More specifically, the presence of a security guard caused Green to believe that he was racially "profiled," *id.* at ¶¶ 18-19; Green "was denied the opportunity to state the issues [relevant] to his claim," *id.* at ¶¶ 22-23; and the arbitrators allowed the defendants "to present evidence" the defendants previously refused to share with Green, *id.* at ¶ 29.

On December 11, 2018, the FINRA panel denied Green's claims and issued an award against him in the amount of $6,675.  *Id.* at ¶ 5.

## PROCEDURAL BACKGROUND

The petition alleges that the arbitration award should be vacated because it "violate[s] public policy," *id.* at ¶¶ 41-44; because the arbitrators were partial, corrupt, and "guilty of misconduct," *id.* at ¶¶ 27-36; and because the arbitrators' conduct "constitutes a manifest disregard of law," *id.* at ¶¶ 37-40.  On May 5, 2021, this Court

---

[1] The following facts are taken from the petition, Docket Item 1.  "[I]n resolving a motion to dismiss for lack of subject matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

screened Green's claims under 28 U.S.C. § 1915(a) and determined that the petition "appear[ed] to be subject to dismissal" because Green had not pleaded facts establishing subject matter jurisdiction.  Docket Item 3.  But about two weeks later, the Court stayed this action pending a decision in *Badgerow v. Walters*, 596 U.S. 1 (2022), a Supreme Court case addressing whether "federal courts have subject[ ]matter jurisdiction to confirm or vacate an arbitration award under [s]ections 9 and 10 of the FAA where the only basis for jurisdiction is that the underlying dispute involved a federal question."  *See* Docket Item 4; *see also* Docket Item 9 at 2.

After the Supreme Court issued a decision in *Badgerow*, this Court lifted the stay of this case and found that "[i]n light of . . . *Badgerow*, . . . Green's petition does not establish [subject matter] jurisdiction" and was "subject to dismissal."  Docket Item 9.  Nevertheless, the Court again granted Green an opportunity to amend his petition or "otherwise demonstrate" a basis for subject matter jurisdiction.  *Id.*

On August 23, 2022, Green filed a letter asserting that this Court may have both diversity and federal question jurisdiction.[2]  Docket Item 10.  This Court then determined that Green's petition "survive[d] preliminary screening" even if it "still [might] be subject to dismissal" at a later stage.  Docket Item 11.  The defendants moved to dismiss the petition about two months later.  Docket Item 15.

---

[2] As this Court noted previously, the August 23 letter "was apparently written by an attorney" who had not filed a notice of appearance in this case and was not admitted to practice in the Western District of New York.  Docket Item 11 at 3 n.1.  In light of Green's *pro se* status, the Court "accept[ed] the letter as filed—and as if written—by Green and *for screening purposes only*."  *Id.* (emphasis added).

3

## LEGAL PRINCIPLES

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova*, 201 F.3d at 113 (citing Fed. R. Civ. P. 12(b)(1)). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* (citation omitted).

## DISCUSSION

### I.   MOTION TO DISMISS

"It is a principle of first importance that the federal courts are tribunals of limited subject matter jurisdiction," *Wright v. Musanti*, 887 F.3d 577, 584 (2d Cir. 2018), possessing "only that power authorized by Constitution and statute," *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Generally, "[f]ederal subject matter jurisdiction exists only when a 'federal question' is presented" ("federal question jurisdiction") or "where the plaintiffs and all defendants are of diverse citizenship and the amount in controversy exceeds $75,000" ("diversity jurisdiction"). *Rene v. Citibank N.A.*, 32 F. Supp. 2d 539, 542 (E.D.N.Y. 1999) (citing 28 U.S.C. §§ 1331-1332). "Where jurisdiction is lacking, the district court must dismiss the [c]omplaint without regard to the merits of the lawsuit." *Id.* (citing *Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188 (2d Cir. 1996)).

The defendants argue that Green's petition must be dismissed for lack of subject matter jurisdiction because he "has not established either diversity jurisdiction or the existence of a federal question." Docket Item 15-1 at 18. This Court agrees.

**A.      Diversity Jurisdiction**

"[T]o invoke diversity of citizenship jurisdiction, the plaintiff[] must establish that there is complete diversity between the parties." *Rene*, 32 F. Supp. 2d at 542. "Complete diversity means that no plaintiff is a citizen of the same state as any defendant." *Id.* (citing *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990)). A corporation is a citizen of both the state where it is incorporated and the "state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Green alleges that he is a citizen of New York and that the defendants maintain a "principal place of business" in New York, Docket Item 1 at 1, making the defendants citizens of New York as well, *see* 28 U.S.C. § 1332(c)(1). So on the face of the petition, there is no diversity jurisdiction because Green and the defendants are citizens of the same state. Green's response to the motion to dismiss does not allege facts suggesting otherwise, *see* Docket Item 39, and he has not amended his petition to cure this defect despite being given ample opportunity to do so.[3] Green therefore has not carried the burden of establishing diversity jurisdiction.

---

[3] The Court declines to consider the arguments advanced in the August 23 letter because Green did not assert those arguments in response to the motion to dismiss and because Green was on notice that the Court would consider the letter "*for screening purposes only*." *See* note 2, *supra*. But even if the Court did consider the August 23 letter, the outcome of its diversity jurisdiction analysis would not change.

The August 23 letter argued that the petition's allegation "with respect to corporate citizenship [of the defendants] may have been erroneous." Docket Item 10 at 2. More specifically, the letter focused on the citizenship of non-party entity Bank of America, which apparently maintains "corporate headquarters" in North Carolina. *Id.* Because defendant Merrill Lynch is "a wholly owned subsidiary of Bank of America," the letter said, it is possible that Bank of America "would exercise significant control over Merrill Lynch's high level policy decisions" from its North Carolina headquarters. *Id.* at 2-3. And if Bank of America is controlling Merrill Lynch's activity from North Carolina,

5

### B.     Federal Question Jurisdiction

Federal courts also have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the Unites States." 28 U.S.C. § 1331.  "Most directly, a case arises under federal law when federal law creates the cause of action asserted." *Gunn*, 568 U.S. at 257.  But federal question jurisdiction also exists where state law claims "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

The defendants argue that Green "has failed to allege any basis for federal question jurisdiction because he has [neither] alleged any violation of a federal law" nor "raise[d] any federal question."  Docket Item 15-1 at 19-20.  As this Court noted

---

the letter argued, "it would be appropriate . . . to consider Merrill Lynch as a North Carolina [c]orporation for diversity purposes."  *Id.* at 3.

But Green has not pleaded—or otherwise provided—any facts suggesting that Bank of America actually "exercise[s] significant control" over Merrill Lynch from its North Carolina headquarters.  *See* Docket Items 1, 10, 39; *see also* Docket Item 15-1 (defendants' assertion that "Merrill Lynch's principal place of business is . . . in New York").  In other words, the August 23 letter advances only a hypothetical argument as to why this Court may have diversity jurisdiction.  Because Green has not alleged "jurisdictional *facts*" supporting that argument, he has not carried his burden of establishing diversity jurisdiction.  *See Shabati v. Shabati*, 2022 WL 2104285, at *2 (S.D.N.Y. June 10, 2022) (emphasis added) (finding no diversity jurisdiction where plaintiff failed to meet burden of establishing "jurisdictional facts").

What is more, while case law does not determine Merrill Lynch's principal place of business, the Court notes that many other courts have found that Merrill Lynch has its principal place of business in New York.  *See, e.g.*, *Martignago v. Merrill Lynch & Co., Inc.*, 2012 WL 112246, at *2 (S.D.N.Y. Jan. 12, 2012); *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 2023 WL 2544212, at *2 (Bankr. S.D.N.Y. Mar. 16, 2023); *In re Treasury Sec. Auction Antitrust Litig.*, 595 F. Supp. 3d 22, 27 (S.D.N.Y. 2022).

6

previously, that indeed is the case from the face of the petition.  *See* Docket Item 9 (concluding that Green "did not allege a violation of federal law" and that his "challenge to the arbitration award did not raise a federal question"); *see also* Docket Item 1.  And Green does not now argue otherwise.[4]  *See* Docket Item 39.

Green therefore has failed to carry his burden of establishing federal question jurisdiction, and his petition is subject to dismissal because this Court lacks subject matter jurisdiction.

## II.   LEAVE TO AMEND

Generally, a court "should not dismiss [a *pro se*] complaint without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Here, Green already has been granted leave to amend his petition several times. *See, e.g.*, Docket Items 3, 9, 22, 38.  What is more, Green was given more than ten months to amend his petition after the defendants moved to dismiss.  *See* Docket Items 15 and 38.  Still, Green declined to do so even with the benefit of both this Court's prior rulings and the defendants' arguments.  Considering the ample opportunity Green already has had to amend his petition, this Court finds that it has satisfied its duty to

---

[4] Again, the Court declines to consider the August 23 letter.  *See* notes 2-3, *supra*.  Regardless, the letter does not establish federal question jurisdiction.

The August 23 letter argued that the petition raises a substantial and actually disputed federal issue: "whether an arbitrator's award can be reversed because it is contrary to public policy."  Docket Item 10 at 4.  But while the letter said that "[t]here is no question that this issue is actually in dispute and substantial," it provided no authority to support that conclusory assertion.  *Id.*  The Court therefore cannot find the existence of federal question jurisdiction by a preponderance of the evidence.

"afford[] [Green] every reasonable opportunity to demonstrate that he has a valid claim." *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014).

Green's petition therefore is dismissed without leave to amend.

## **CONCLUSION**

For the reasons stated above, the defendants' motion to dismiss, Docket Item 15, is GRANTED; Green's petition, Docket Item 1, is DISMISSED; and the Clerk of the Court shall close this case.

The Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438 (1962). Green must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: August 27, 2024
       Buffalo, New York

                                         */s/ Lawrence J. Vilardo*
                                         LAWRENCE J. VILARDO
                                         UNITED STATES DISTRICT JUDGE